### STATE v. VERNON GARRETT.

(Filed 24 February, 1965.)

**1. Burglary and Unlawful Breakings § 8—**
    G.S. 14-55 defines three separate offenses.

**2. Statutes § 5—**
    The doctrine of *ejusdem generis,* requiring that general words of a statute following particular words should embrace only articles of similar kind as those described by specific appellation, applies in apposite upon the theory that if the legislative body had intended the general words to be used in their unrestricted sense the specific words would have been omitted.

**3. Same—**
    A statute creating a criminal offense must be strictly construed.

**4. Burglary and Unlawful Breakings § 8—**
    A tire tool is not an instrument of housebreaking within the contemplation of G.S. 14-55, and a defendant cannot be convicted under that statute upon evidence that he was found in possession of a tire tool, even though there is evidence of a tire tool mark in the jamb of a door of a nearby building and that when pressure was put on the door it opened.

**5. Burglary and Unlawful Breakings § 4—**
    Where the evidence shows that the glass in the door of one shop had been broken, that the screen door in another had been cut, and that tire tool marks were found in the jamb of a third, without any evidence that anything had been stolen from any of the establishments, and defendant testifies to the effect that he was intoxicated and angry and inflicted the damage solely to annoy officers of the law, the court must charge the jury that if it accepted defendant's version he would not be guilty of housebreaking.

**6. Same—**
    The charge of housebreaking for the purpose of committing a felony does not include as a lesser offense malicious or intentional injury to property.

CERTIORARI to review convictions and sentences of imprisonment entered in four criminal prosecutions against Vernon Garrett, heard by *Johnston, J.,* at the March 11, 1964 Special Criminal Session, GUILFORD Superior Court, Greensboro Division.

The defendant was tried on three indictments, Nos. 14078, 14080, and 14081 for the felonious breaking into three separate business establishments for the purpose of committing larceny: (1) Swain's Charcoal Steak House, Inc., (2) Howard Johnson's Restaurant, Inc., and (3) Byerly's Antique Shop, all in Guilford County. In Case No. 14079 he was tried "for having in possession, without lawful excuse, a certain implement of house breaking, to-wit: a tire tool." The four charges were consolidated and tried together.

Three officers, O. E. Cherry, detective, J. W. Deaton, a uniformed police officer, and Thurmond Jones, a Guilford County Deputy Sheriff, testified for the State. Cherry testified that on September 18, 1962, at about 2:45 in the morning, he saw the defendant walking away from Swain's Charcoal Steak House with a tire tool in his hand. At the time he was 10 or 12 feet from the door. Examination of the door disclosed a tire tool mark in the jamb. When the officer pressed the door, it opened, although the lock was unbroken.

Deaton testified the defendant admitted he broke the glass in the door of Byerly's Antique Shop, went in, but there was no money in the cash register. Afterwards he went to the Howard Johnson Restaurant, cut the screen door, entered through the area where the garbage cans were kept, tried to get money but failed. The testimony of Jones was in substance the same as Deaton's with respect to the physical evidence of entry into Byerly's Antique Shop and the Howard Johnson Restaurant. Nothing was missing from any of the buildings.

The defendant testified that he had been hounded and falsely accused of breaking and entering by the Police Department of Graham where he lived. On the night of September 18, 1962, he was on his way to his father-in-law's home in High Point. He stopped at Byerly's, made no attempt to enter, but did throw a small rock through the glass in the door. He stopped at the Howard Johnson restaurant, cut the screen with his knife, but did not open the door and did not enter. His intention was to worry the officers in retaliation for the worry they had caused him. He was angry and intoxicated. He stopped at Swain's Steak House to tighten a lug on his truck wheel which had been wobbling. For that purpose he had the tire tool. He denied telling Officer Cherry or anyone else that he intended to steal money or anything of value or to enter any of the places he "visited."

Motions for directed verdicts were made and denied.

Exceptions were duly noted. The jury returned these verdicts: In Nos. 14078 and 14081, guilty of attempting to break and enter; in No. 14080, guilty of breaking and entering Howard Johnson's Restaurant with intent to commit larceny; in No. 14079, guilty of possession, without lawful excuse, an implement of house breaking or store breaking, "to-wit: a tire tool." In each of the four cases the court entered judgment that the defendant be imprisoned not less than five nor more than eight years — the sentences to run concurrently.

The defendant gave notice of, but did not perfect, his appeals. This Court, upon application of a court-appointed counsel, granted the writ of *certiorari* in order that the trials may be here for review.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Deputy Attorney General for the State.*

*James G. Exum, Jr., for defendant appellant.*

HIGGINS, J. This Court is of the opinion the charge and the evidence were insufficient to support the conviction for having in possession, without lawful excuse, an implement of house breaking as contemplated in G.S. 14-55. The statute makes it unlawful (1) to be found armed with a dangerous or offensive weapon with intent to break and enter a dwelling house and to commit a felony or other infamous crime therein; or (2) to be found having in his possession, without lawful excuse, any pick lock, key, bit, or other implement of house breaking; or (3) shall be found in such building with intent to commit a felony or other infamous crime therein, etc. Each is a separate offense. For definitions and analyses, see *State v. Davis*, 245 N.C. 146, 95 S.E. 2d 564; *State v. Baldwin*, 226 N.C. 295, 37 S.E. 2d 898; *State v. Boyd*, 223 N.C. 79, 25 S.E. 2d 456; *State v. Vick*, 213 N.C. 235, 195 S.E. 779.

The indictment in No. 14079 attempts to charge a felony as defined in (2) of the statute, that is, possessing, without lawful excuse, an implement of house breaking, "to-wit: a tire tool." We have some doubt whether a tire tool under the *ejusdem generis* rule is of the same classification as a pick lock, key, or bit, and hence, condemned by the statute. "The maxim *ejusdam generis* applies especially to the construction of legislative enactments. It is founded upon the obvious reason that if the legislative body had intended the general words to be used in their unrestricted sense the specific words would have been omitted." *Turner v. Board of Education*, 250 N.C. 456, 109 S.E. 2d 211.

A tire tool is a part of the repair kit which the manufacturer delivers with each motor vehicle designed to run on pneumatic tires. Not only is there lawful excuse for its possession, but there is little or no

excuse for a motorist to be on the road without one. A statute creating a criminal offense must be strictly construed. Strong's N. C. Index, Statutes, Vol. 4, p. 179.

In the charge to the jury, the court summarized at great length the evidence and the contentions of the State with respect to the four charges. Likewise, the court fairly summarized the defendant's testimony that his purpose was to provoke the officers and cause them worry in retaliation for the trouble the Graham officers had caused him. However, the court failed to charge that if the jury should accept his version, and find that he did not break and enter, or attempt to break and enter, any of the buildings, but merely damaged them for the purpose of requiring the officers to spend time and effort to determine whether a felonious breaking had been committed, in that event he would not be guilty of house breaking and it would be the jury's duty to return verdicts of not guilty.

The defendant's conduct, according to his own story, was not to his credit. However, according to all the evidence nothing whatever was stolen from any of the establishments. Under the circumstances the defendant was entitled to the instruction that if the jury should find that all he did was to worry the officers as he claimed, he could not be guilty of either of the house breaking charges. The charges of house breaking for the purpose of committing a felony do not include malicious or intentional injury to the buildings as lesser offenses. The defendant was entitled to, but did not receive, a charge to that effect. For this error, new trials are required in the house breaking charges.

In No. 14079 — Reversed.

In Nos. 14078, 14080, and 14081 — New trials.