STATE OF NORTH CAROLINA v. JOHN C. GODWIN
No. 6827SC423

(Filed 13 November 1968)

1. **Burglary and Unlawful Breakings § 5;   Safecracking— prosecutions — sufficiency of evidence**

   Issues of defendant's guilt of felonious breaking and entering and of attempted safecracking are properly submitted to the jury where the State's evidence tended to show that defendant was apprehended by an officer as he ran from a corporate premises at 5 a.m. carrying a tire tool, that the front door of the premises had been broken open from the outside and the rear door from the inside, that the handle and combination dial of an office safe had been broken off and that a canister of tear gas inside the safe had been activated, and that a tire tool was found lying beside the safe.

2. **Criminal Law § 106— nonsuit — sufficiency of circumstantial evidence**

   The test of the sufficiency of circumstantial evidence to withstand a motion for nonsuit is the same as the rule applicable to direct evidence: if there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury.

3. **Criminal Law § 106— nonsuit — circumstantial evidence**

   Reliance upon circumstantial evidence does not make it necessary that

every reasonable hypothesis of innocence be excluded before the case can be submitted to the jury.

**4. Burglary and Unlawful Breakings § 10— possession of housebreaking implements — tire tool — nonsuit**

A tire tool is not an "implement of housebreaking" within the purview of G.S. 14-55, and a defendant cannot be convicted under that statute upon evidence that tire tools were used by him to break into and out of a building and to attempt the opening of a safe.

APPEAL by defendant from *Snepp, J.,* 8 July 1968 Session, CLEVELAND Superior Court.

Defendant was charged in three bills of indictment with (1) (#67-232) felonious breaking or entering, (2) (#67-232A) attempt to force open or pick a safe, and (3) (#67-232B) unlawful possession of implements of housebreaking. To each charge the defendant entered his plea of not guilty, and upon trial by jury was found guilty of each charge.

The defendant appeals, assigning as error in each case the refusal of the trial judge to grant his motion for judgment of nonsuit made at the close of the State's evidence, and renewed at the close of all the evidence. The defendant offered no evidence.

The facts are sufficiently set forth in the opinion.

*T. W. Bruton, Attorney General, by Millard R. Rich, Jr., Assistant Attorney General, for the State.*

*N. Dixon Lackey, Jr., Attorney for the defendant.*

BROCK, J.

[1] The evidence for the State tended to show the following:

The Stamey Company building at Polkville in Cleveland County was locked at the close of business at approximately seven o'clock p.m. on 5 August 1968. That the defendant was not given permission to go into the building. That at about five o'clock a.m. on 6 August 1968, Mr. R. R. McKinney, an officer of the State Highway Patrol, went to the Stamey Company building where he observed the defendant run out of the rear door of the building carrying an object in his hand. When defendant failed to halt at his command, Officer McKinney fired his revolver and defendant fell to the ground (he was not struck by the bullet) and as he was falling he dropped the object he had been carrying. At about the same time one J. D. Haroldson also came out of the rear door with his hands in the air. Both defendant and Haroldson were immediately placed under ar-

rest. A "tire tool" was found lying beside defendant where he had fallen.

Mr. J. W. Norman, a deputy sheriff of Cleveland County, arrived immediately and conducted further investigation. The front door had been broken open from the outside, and the rear door had been broken open from the inside. In the office the Stamey Company safe had been damaged; the handle and the combination dial had been broken off. A canister of tear gas on the inside of the safe had been activated and it was several minutes before the gas cleared the building sufficiently to allow the officers to enter comfortably. A second "tire tool" was found lying beside the safe. No one else was found in or near the Stamey Company building.

Viewing the evidence in the light most favorable to the State, it would permit the jury to find: That the defendant and Haroldson, armed with two tire tools, unlawfully broke open the front door and entered the Stamey Company building with intent to steal property of Stamey Company. That they attempted to pry or break open the Stamey Company safe where money and other valuables were kept. That in beating upon the safe they activated the tear gas canister and were forced to retreat from the premises. That they pried open the rear door from the inside and were apprehended as they went out.

[1-3] Clearly the State's evidence, although partly circumstantial, was sufficient to repel defendant's motion for judgment of nonsuit on the charge of felonious breaking and entering, and the charge of attempting to force open or pick the safe. The test of the sufficiency of circumstantial evidence to withstand a motion for nonsuit is the same as the rule applicable to direct evidence. If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. Reliance upon circumstantial evidence does not make it necessary that every reasonable hypothesis of innocence be excluded before the case can be submitted to the jury. State v. Swann, 272 N.C. 215, 158 S.E. 2d 80.

[4] Defendant's assignment of error in No. 67-232B to the failure of the trial judge to allow his motion for nonsuit on the charge of unlawful possession of implements of housebreaking raises the question of whether a "tire tool" is an instrument condemned by G.S. 14-55. It appears reasonably clear that the "tire tools" in evidence in this case were used to break into and out of the building, and

were used in an effort to open the safe. However, it does not appear that the use to which a tool or instrument is put is necessarily controlling in determining whether it is within the intent of the phrase "or other implement of housebreaking" as contained in G.S. 14-55. This statute defines a separate felony for mere possession without lawful excuse of tools or implements of housebreaking, and it is the inherent nature and purpose of the tool, or the clear effect of a combination of otherwise innocent tools, which is condemned. "We have some doubt whether a tire tool under the *ejusdem generis* rule is of the same classification as a pick lock, key, or bit, and hence condemned by the statute." *State v. Garrett*, 263 N.C. 773, 140 S.E. 2d 315. We hold that defendant's motion for nonsuit upon this charge should have been allowed.

In No. 67-232, No error.

In No. 67-232A, No error.

In No. 67-232B, Reversed.

BRITT and PARKER, JJ., concur.