STATE OF NORTH CAROLINA v. ROBERT McCUIEN

No. 724SC477

(Filed 2 August 1972)

1. **Criminal Law § 164— failure of defendant to renew motion of nonsuit at close of all evidence**

Failure of defendant to renew his motion for nonsuit at the close of all the evidence after having first made such motion at the close of State's evidence does not preclude review of the sufficiency of the State's evidence on appeal. G.S. 15-173.1.

2. **Burglary and Unlawful Breakings § 5; Larceny § 7— sufficiency of evidence to overrule nonsuit**

In an action charging defendant with breaking and entering with intent to steal and larceny, the State's evidence was sufficient to take the case to the jury where it tended to show that stolen television sets were found in defendant's car with him present and in possession of the car keys, that defendant had been riding around in his car, though not driving, during the time that the larceny of the television sets occurred, and that defendant had told a deputy sheriff that his car had not been moved, but if it had, it had been moved by a thief.

3. **Criminal Law § 106— sufficiency of evidence to overrule nonsuit**

Motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment, considering the evidence in the light most favorable to the State; a like rule applies when the State relies upon circumstantial evidence.

4. **Criminal Law § 106— State's evidence both inculpatory and exculpatory**

Where some of the evidence introduced by the State tends to inculpate a defendant and other portions of it to exculpate him, the incriminating evidence requires submission of the case to the jury, and the State is not precluded from showing the facts to be other than as stated in a declaration of the defendant as related by one of its witnesses.

APPEAL by defendant from *Rouse, Judge,* 21 February 1972 Session of Superior Court held in ONSLOW County.

Defendant was charged in a bill of indictment, proper in form, with the felonies of breaking and entering with the intent to steal, larceny and receiving stolen goods knowing them to have been stolen. The defendant pleaded not guilty and a jury trial was had.

At the close of the State's evidence, defendant moved for judgment as of nonsuit on all charges. As to the charges of

breaking and entering and larceny, the motion was denied; as to the charge of receiving stolen property, the motion was allowed. The defendant then presented evidence and took the stand in his own behalf, but did not renew his motion for judgment as of nonsuit at the close of all the evidence. From a jury verdict finding him guilty as charged of breaking and entering and larceny and judgment that he be imprisoned for not less than three nor more than five years, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Deputy Attorney General Vanore for the State.*

*Edward G. Bailey for defendant appellant.*

MALLARD, Chief Judge.

[1]   The defendant contends that there are two questions presented for decision on this appeal: (1) whether the trial court erred in denying his motion for nonsuit at the close of the State's evidence, and (2) whether the trial court erred in denying his motion to set aside the verdict as being against the greater weight of the evidence. The defendant failed to renew his motion for nonsuit at the conclusion of all the evidence; however, we will review the sufficiency of the evidence of the State on this appeal. See *State v. Pitts*, 10 N.C. App. 355, 178 S.E. 2d 632 (1971), *cert. denied*, 278 N.C. 301; and G.S. 15-173.1.

[2]   The evidence for the State in the case before us tended to show that early in the morning of 1 January 1972, the television repair shop at Furniture Fair, Inc., a corporation near Jacksonville, North Carolina, was broken and entered by means of breaking out the lower portion of a glass door and that four portable television sets were stolen therefrom. Mr. B. G. Woodward, an Onslow County deputy sheriff, testified that about 9:05 a.m. on 1 January 1972, he observed the defendant's automobile being driven north on U. S. Highway 17 by one Arthur Burke, and that he was looking for Burke. Woodward then went to the defendant's apartment, two or three miles from the Furniture Fair, seeking Burke. He arrived about 9:30 a.m. and found the defendant outside, standing beside his automobile with the car keys in his hand. Woodward inquired if the defendant had seen Burke, and when defendant

said that he had not seen him in several days, he informed the defendant that he, the officer, had seen Burke driving the defendant's automobile shortly before. The defendant said that the automobile had been in his driveway beside his apartment since four o'clock that morning. The officer placed his hand on the hood and found that it was warm. He then opened the hood with the defendant's permission and found that the radiator was hot. Looking in the back seat and noticing that the spare tire was in the back seat of the vehicle, the officer asked for permission to look into the trunk and defendant handed him the keys. When the trunk was opened, it was found to contain three portable television sets, which were later identified as three of the four sets stolen from Furniture Fair on 1 January 1972. The defendant denied any knowledge or ownership of the sets and professed not to know how they came to be placed in the trunk of his automobile. The defendant also stated to the officer that the automobile had not been moved since he himself had parked it in the driveway at 4:00 a.m., and that if the officer had just seen Burke driving it, Burke had stolen the car.

Arthur Burke also testified for the State. He testified that he had known the defendant for seven or eight years and that he had started driving the defendant's automobile shortly before midnight (on 31 December 1971) ; that the defendant was in the automobile with him when they had passed Woodward the morning of 1 January 1972 but that the defendant "had kind of squashed down" in the front seat because the defendant did not want to be seen with him, and that there was no spare tire in the back seat at that time. On cross-examination, Burke admitted that he had been convicted of stealing a pocketbook from a woman at the Triangle Variety Store on the morning of 1 January 1972 (which was why Woodward was seeking him for questioning on that date), that he had subsequently been convicted of "temporary larceny" of the defendant's automobile on the same date, and that he had been convicted previously of a number of other crimes (including burglary, breaking and entering and receiving stolen property) and had been addicted to narcotic drugs. Burke, however, denied any participation in the breaking and entering of the Furniture Fair or any knowledge of the televisions stolen therefrom.

[3]    Considered in the light most favorable to the State, this evidence was sufficient to take the case to the jury. The cases

State v. McCuien

cited by the defendant are distinguishable. In 2 Strong, N. C. Index 2d, Criminal Law, § 106, it is said:

"Motion to nonsuit in a criminal prosecution is properly denied if there is any competent evidence to support the allegations of the warrant or bill of indictment, considering the evidence in the light most favorable to the state, and giving it the benefit of every reasonable inference fairly deducible therefrom. If there is more than a scintilla of competent evidence to support the allegations of the warrant or bill of indictment, motion to nonsuit is properly denied. And if there is evidence sufficient to support a conviction of the crime charged or an included crime, motion to nonsuit is properly denied. If there is any evidence tending to prove the fact of guilt or which reasonably conduces to this conclusion as a fairly logical and legitimate deduction, and not such as merely raises a suspicion or conjecture of guilt, it is for the jury to say whether they are convinced beyond a reasonable doubt of the fact of guilt.

\*          \*          \*

A like rule applies when the state relies upon circumstantial evidence; in such instance it is for the court to determine whether the circumstantial evidence, either alone or in combination with the direct evidence, provides substantial proof of each essential element of the offense, it being for the jury to determine whether such evidence points unerringly to defendant's guilt and excludes any other reasonable hypothesis. Decisions to the effect that the court must determine, in passing upon a motion to nonsuit, whether the circumstantial evidence excludes any other reasonable hypothesis but guilt, are apparently no longer the law, in view of the later decisions cited in this section."

See also, State v. Cutler, 271 N.C. 379, 156 S.E. 2d 679 (1967); State v. Bell, 270 N.C. 25, 153 S.E. 2d 741 (1967); State v. Blackmon, 6 N.C. App. 66, 169 S.E. 2d 472 (1969) and State v. Godwin, 3 N.C. App. 55, 164 S.E. 2d 86 (1968), cert. denied, 275 N.C. 341.

In *State v. Godwin, supra,* this court stated the rule as follows:

> " * * * The test of the sufficiency of circumstantial evidence to withstand a motion for nonsuit is the same as the rule applicable to direct evidence. If there be any evidence tending to prove the fact in issue, or which reasonably conduces to its conclusion as a fairly logical and legitimate deduction, and not merely such as raises a suspicion or conjecture in regard to it, the case should be submitted to the jury. Reliance upon circumstantial evidence does not make it necessary that every reasonable hypothesis of innocence be excluded before the case can be submitted to the jury. *State v. Swann,* 272 N.C. 215, 158 S.E. 2d 80."

The defendant's own evidence, and particularly the testimony of the defendant himself, tended to contradict some of the testimony of Woodward and Burke. This was of no consequence insofar as it related to the question of nonsuit, being a matter of credibility for determination by the jury.

As to the doctrine of possession of recently stolen goods and the quantum of evidence necessary to overcome motion for judgment as of nonsuit, see *State v. Foster,* 268 N.C. 480, 151 S.E. 2d 62 (1966); *State v. Allison,* 265 N.C. 512, 144 S.E. 2d 578 (1965); and *State v. Holloway,* 265 N.C. 581, 144 S.E. 2d 634 (1965). We think that the evidence for the State is stronger in the case before us than it was in *Holloway.* In *Holloway,* an inventory disclosed that a number of television sets were missing from a warehouse owned by Telerent, Inc., and the appellants were found in possession of some of the sets two or three weeks later. The State relied largely upon "the presumption arising from the possession of goods recently stolen" and the Supreme Court held that the evidence was sufficient to go to the jury. In the case before us, only a few hours at most had elapsed from the time of the breaking and entering and larceny and the discovery of the stolen television sets in the defendant's possession.

The defendant further contends, however, that the State's evidence "wholly exculpates him from guilt, and for this reason the trial court should have allowed his motion of nonsuit." We do not agree. It is true that Deputy Sheriff Woodward testified that the defendant had told him that he knew nothing about the television sets found in his automobile, that they were not his and that the deputy could take them, and that he told

State v. McCuien

Woodward that he had not seen Burke and that if Burke had driven the automobile that morning he had stolen it. The State also had presented some evidence that there was blood on the broken glass from the door at the Furniture Fair after the break-in, and Woodward testified that he observed no cuts or scratches on the hands and arms of the defendant, and further, Woodward testified that when he asked the defendant for permission to look into the trunk of the automobile, the defendant "hestitated for a moment and his expression changed and he handed me the keys." While this testimony from the State's witnesses may or may not have been favorable to the defendant, it did not erase the other evidence tending to establish the defendant's guilt. The case of *State v. Hoskins,* 236 N.C. 412, 72 S.E. 2d 876 (1952), cited by appellant, is not controlling.

In *Hoskins,* the defendant Lockley was charged with felonious breaking and entering, larceny of some automobile tires and feloniously receiving the automobile tires, but the evidence for the State tended to show only that Lockley had expressed an interest in buying some tires and that a co-defendant (and witness for the State) and another man went to the home of Lockley between one and two o'clock on the morning after the breaking and offered to sell him some tires. Lockley said that it was too late to look at any tires. The State's witnesses testified to the effect that Lockley had no part in the larceny of the tires, that he had no reason to believe that the tires had been stolen, and that the tires were not initially left on Lockley's premises but were moved there by others at a later time. When a woodlot owned by Lockley was later searched with his permission and the tires were found on a truck belonging to Lockley (but inoperable), Lockley seemed and acted surprised and told the officer of the visit by the co-defendant and another to his house on the night of the breaking. Another witness for the State, "Capt." Ed Belangia, testified on cross-examination, "The only connection that Diz (Lockley) had was that this man went to his home at 2:30 in the morning. He told us that."

On appeal, the Supreme Court in *Hoskins* held that the inference or presumption arising from the possession of recently stolen property, *without more,* did not extend to the statutory charge of receiving such property knowing it to have been feloniously stolen and that this evidence *alone* was insufficient to make out a case for the jury. The Court also noted:

"Indeed, the testimony of the officers, offered by the State, as to statements of defendant in respect to the automobile tires, stolen from Jake Hill, tend to wholly exculpate defendant of the charge of receiving them. By offering such statements, the State thereby presents them as worthy of belief. See *S. v. Hendrick,* 232 N.C. 447, 61 S.E. 2d 349, and cases there cited at page 456. 'When the State offers evidence which tends to exculpate the defendant, he is entitled to whatever advantage the testimony affords, and so, when it is wholly exculpatory, he is entitled to his acquittal.' *S. v. Robinson,* 229 N.C. 647, 50 S.E. 2d 740."

[4]  In the case before us, there was in addition to the fact that the stolen television sets were found in the trunk of the defendant's automobile, the testimony of Burke (the credibility of which was for the jury) that tended to show that the defendant had been in the automobile from before midnight the previous day until shortly before the deputy sheriff arrived at the defendant's apartment (which was the time period during which the building of Furniture Fair, Inc., was entered and the television sets stolen therefrom), and the testimony of the officer that tended to show that the defendant had the keys to the automobile, and dominion and control thereof, when he arrived. This additional evidence was sufficient to make out a case for the jury. Furthermore, if the defendant's conduct and self-serving declarations at the time the stolen property was found, as testified to by the State's witness Woodward, had a tendency to exculpate him, he was entitled to the advantage afforded thereby, but he was not exculpated as a matter of law. Where some of the evidence introduced by the State tends to inculpate a defendant and other portions of it to exculpate him, the incriminating evidence requires submission of the case to the jury, and the State is not precluded from showing the facts to be other than as stated in a declaration of the defendant as related by one of its witnesses. See *State v. Horton,* 275 N.C. 651, 170 S.E. 2d 466 (1969), *cert. denied,* 398 U.S. 959, *reh. denied,* 400 U.S. 857; *State v. Jenkins,* 1 N.C. App. 223, 161 S.E. 2d 45 (1968); and the cases cited at 2 Strong, N. C. Index 2d, Criminal Law, § 104, n. 81.

We hold that the trial court properly denied defendant's motion for judgment as of nonsuit on the charges of felonious breaking and entering and larceny and properly denied defendant's motion to set the jury's verdict aside. *State v. Massey,*

273 N.C. 721, 161 S.E. 2d 103 (1968). We have thoroughly reviewed the record on appeal and, in the trial in superior court, we find no prejudicial error.

No error.

Judges CAMPBELL and BRITT concur.