STATE OF NORTH CAROLINA v. JAMES BEARD

No. 7425SC478

(Filed 7 August 1974)

1. **Burglary and Unlawful Breakings § 10— possession of implements of housebreaking — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a prosecution for possession of implements of housebreaking where it tended to show that defendant was a passenger in a vehicle which was stopped by a police officer, the officer noticed a police scanner, two walkie talkies and a pry bar inside the car, defendant and the driver accompanied the officer to the police station where a further search, made with the consent of defendant and the driver, revealed many more housebreaking implements, and defendant contended that the imple-

ments found did not belong to him but were the property of a friend of his.

2. **Criminal Law § 23— change of plea by co-defendant — failure to warn jury — no prejudice**

    Where a co-defendant changed his plea from not guilty to guilty of a lesser included offense at the conclusion of a *voir dire* and prior to the return of the jury there was no prejudice to defendant in the failure of the trial judge to give the jury a warning instruction.

3. **Searches and Seizures § 2— failure to make findings on voir dire**

    Failure of the trial court to make findings of fact at the conclusion of a *voir dire* to determine the propriety of a search and seizure was not prejudicial error.

4. **Criminal Law § 84; Searches and Seizures § 2— consent to search vehicle — legality of search**

    Evidence seized from the vehicle in which defendant was riding which he sought to suppress was not the product of an illegal search where defendant and a co-defendant consented to the search of the vehicle and the consent was voluntarily, freely, and understandingly given.

APPEAL by defendant from *Falls, Judge,* 13 November 1973 Session of Superior Court held in BURKE County. Heard in the Court of Appeals on 12 June 1974.

This is a criminal action wherein the defendant, James Beard, who was charged in a bill of indictment, proper in form, with possession of implements of housebreaking. The defendant's case was consolidated, over his objection, with an action against Ronald Clark. Both defendants entered pleas of not guilty; however, during the course of the trial co-defendant Clark changed his plea and the State accepted his guilty plea to a lesser offense.

After presentation of evidence by both the State and defendant, the jury returned a verdict of guilty. From a judgment imposing a prison sentence of not less than seven (7) years nor more than ten (10) years, the defendant appealed.

*Attorney General Robert Morgan by Associate Attorney Norman L. Sloan for the State.*

*Hatcher, Sitton, Powell & Settlemyer by Douglas F. Powell for defendant appellant.*

HEDRICK, Judge.

[1] We first discuss the defendant's contention that the trial court erred in not granting his motion for judgment as of non-

suit. The defendant was charged with possession of housebreaking implements. Upon indictment for this crime under G.S. 14-55, the State has the burden of proving the following two things: (1) that the defendant was found to have in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute and (2) that such possession was without lawful excuse. *State v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456 (1943).

Considering the evidence introduced in a light most favorable to the State, as we are obligated to do upon a motion for judgment as of nonsuit, we are of the opinion that the evidence is sufficient to require submission of the case to the jury. The State offered evidence that on 15 December 1972 at about 5:15 a.m., Officer Donald B. Clarke of the Morganton Police Department observed a 1967 Oldsmobile and noticed the car had a dealer tag on it. Officer Clarke had previously observed the vehicle twice that same night and upon seeing the vehicle a third time the officer followed the car for a short distance and then turned on his blue light. The car stopped almost immediately; and upon approaching the automobile, Officer Clark saw that defendant Beard was sitting on the right-hand seat of the Oldsmobile and that Ronald Clark was the driver. When the officer asked to see the driver's license and 96 hour permit of Ronald Clark, defendant spoke up and said, "He don't have to have one. I am the car dealer and he is trying out the car." The defendant then produced a 96 hour permit which had been issued to him; however, the permit had been issued on 14 October 1972 and had long since expired. The officer then noticed a police scanner (which was not working at the time), two walkie talkies, and a pry bar inside the car; and he requested the defendant and Clark to follow him to the police station.

At the police station, Officer Clarke interrogated defendant and Ronald Clark for approximately one hour and then made a search of the vehicle at the police station. This search was made with the consent of both Clark and the defendant, and the officer found the following items: two flashlights, two pairs of gloves and welding glasses. Later the Officer, acting pursuant to the consent of both parties and also having obtained a search warrant, uncovered the following items from the trunk of the car: a pair of bolt cutters, a large sledgehammer, a pruning saw, a portable cutting torch, pry bars, screwdrivers, a tire tool, a crowbar, handcuffs, a blue bag, bits, tape, and a blue and yellow notebook.

The State also offered the testimony of Bill Sparks, a used car dealer in Gastonia, who testified that he first saw Mr. Beard on 14 October 1972. At that time Beard was issued a 96 hour permit in order that defendant might test drive the automobile. Sparks testified that although he had issued a permit for only 96 hours, the car had been gone for many months. He also stated that he had no knowledge of how or when the tools which were introduced into evidence were placed in the vehicle.

> "While each of the articles found in the possession of the defendant has its legitimate use, it cannot be said that taken in combination these articles are tools of any legitimate trade or calling. There is no legitimate purpose for which this defendant and his companion could have the combination of articles found in their possession." *State v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898 (1946).

Moreover, the defendant did not argue that the articles found in the car were not implements of housebreaking. Rather, his defense was based entirely upon the fact that these articles did not belong to him but were the property of Buddy Cobb, a friend of his. See, *State v. Vick,* 213 N.C. 235, 195 S.E. 779 (1938). Thus, this assignment of error is overruled.

[2] Defendant next contends that the trial court erred in failing "to instruct the jury not to consider the case further against co-defendant Clark, after Clark had tendered a plea midway through the trial of the case to a misdemeanor, thereby permitting the assistant district attorney to proceed against defendant Beard without any explanation whatsoever." Defendant relies upon the case of *State v. Pearson* and *State v. Belk,* 269 N.C. 725, 153 S.E. 2d 494 (1967) to support this contention. In the latter mentioned case, a co-defendant withdrew his plea of not guilty at the beginning or early stages of the State's evidence and entered a plea of guilty of common law robbery. This plea was accepted *in open court in front of the jury* and the court was careful to charge the jury that this circumstance did not relieve the State of its burden of proving each individual guilty by the evidence and beyond a reasonable doubt. It is clear that the case cited by the defendant is distinguishable from the case at hand. In the instant case the co-defendant Clark changed his plea to guilty as the conclusion of a voir dire and *prior* to the return of the jury. Thus, his plea was not made in open court before the jury. Although it may be surmised that the jurors were curious as to the whereabouts of the co-defendant Clark,

we can see no prejudice resulting from the trial judge's failure to give a warning instruction. The trial judge abstained from making any comment whatsoever regarding the co-defendant's guilty plea, and this lack of emphasis by the trial judge, coupled with the absence of a request for a warning instruction from the defendant, renders this assignment of error nonmeritorious.

Defendant, by his assignments of error Nos. 3, 6, 7, 9, 10, 13, and 14, argues that the trial court committed error by (1) failing to make findings of fact at the conclusion of a *voir dire* conducted to determine the propriety of a search and seizure and (2) by refusing to suppress the evidence obtained by this search and seizure.

[3] As to the failure to make findings of fact at the conclusion of the *voir dire,* Justice Branch in *State v. Bell,* 270 N.C. 25, 153 S.E. 2d 741 (1967), made the following pertinent comment:

"While it is better practice for a judge on voir dire to make finding of fact and enter it in the record, a failure to do so is not fatal. The ruling that the evidence was competent was of necessity bottomed on the finding that the search was legal. *State v. Litteral,* 227 N.C. 527, 43 S.E. 2d 84.

The court fully granted defendant's request concerning a voir dire. The fact that defendant offered no contradictory evidence further negated the necessity for the judge to find facts. * * * "

In the case *sub judice* the only witness to testify on *voir dire* was Officer Clarke and the defendant offered no contradictory evidence. Thus, in line with the language of *State v. Bell, supra,* we hold there was no prejudicial error in the court's failure to make findings of fact.

[4] We must, however, determine whether the evidence which defendant sought to suppress was the product of an illegal search and, therefore, inadmissible as fruit of the poisonous tree. In *State v. McPeak,* 243 N.C. 243, 90 S.E. 2d 501 (1955), it is said:

"It is well settled law that a person may waive his right to be free from unreasonable searches and seizures. A consent to search will constitute such waiver, only if it clearly appears that the person voluntarily consented, or permitted,

or expressly invited and agreed to the search. Where the person voluntarily consents to the search, he cannot be heard to complain that his constitutional and statutory rights were violated. *State v. Moore,* 240 N.C. 749, 83 S.E. 2d 912 (where many cases are cited); *Zap v. U. S.,* 328 U.S. 624, 90 L.Ed. 1477; *People v. Preston,* 341 Ill. 407, 173 N.E. 383; 77 A.L.R. 631; 47 Am. Jur., Searches and Seizures, Sec. 71; 79 C.J.S., Searches and Seizures, Sec. 62."

An examination of the record discloses that the defendant, as well as the co-defendant Clark, consented to the search of the car. Furthermore, the uncontroverted evidence shows that this consent was voluntarily, freely, and understandingly given, and this consent was not the product of duress, coercion, or fraud. Inasmuch as the defendant's voluntary consent to the search negated the necessity for a search warrant, we believe no useful purpose would be served by our discussing defendant's contentions *vis a vis* the search warrant which was eventually obtained. *See,* 7 Strong, N. C. Index 2d, Search and Seizure, § 2, pp. 7-9.

Defendant has brought forward and argued several other assignments of error which we have carefully reviewed and find to be without merit.

The defendant was afforded a fair and impartial trial free from prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.