STATE OF NORTH CAROLINA v. LARRY BAGLEY

No. 37

(Filed 15 July 1980)

**1. Burglary and Unlawful Breakings § 9— implement of housebreaking**

An article may be deemed an implement of housebreaking, the possession of which is made criminal by G.S. 14-55, when (1) it is a picklock, key, bit, or any other instrument capable of being used for the purpose of housebreaking, and (2) at the time and place alleged, the person charged with its possession did in fact possess it for that purpose, *i.e.*, without lawful excuse.

State v. Bagley

2. **Burglary and Unlawful Breakings § 10.1— possession of implement of housebreaking—burden of proof**

    Although a prosecution under G.S. 14-55 does not require proof of any specific intent to break into a particular building at a particular time and place, the burden rests on the State to show beyond a reasonable doubt that the defendant possessed the article in question with a general intent to use it at some time for the purpose of facilitating a breaking, and such a showing will of necessity depend upon the strength of circumstantial evidence.

3. **Burglary and Unlawful Breakings § 10.3— tire tool as implement of housebreaking**

    The trial court did not err in permitting the jury to conclude that a tire tool was an "implement of housebreaking" within the meaning of G.S. 14-55 where there was plenary circumstantial evidence which would permit the jury to infer that defendant was in actual or constructive possession of the tire tool, that the tire tool was reasonably capable of use for the purpose of breaking into a building, and that defendant did in fact possess it for that purpose at the time and place of his arrest.

DEFENDANT appeals from a decision by the Court of Appeals, 43 N.C. App. 171, 258 S.E. 2d 427 (1979), affirming his conviction before *Judge Battle* at the 29 January 1979 Session of DURHAM Superior Court, of the crimes of felonious breaking and entering and felonious possession of implements of housebreaking. We allowed defendant's petition for discretionary review pursuant to G.S. 7A-31 on 4 December 1979.

*Attorney General Rufus L. Edmisten by Associate Attorney Christopher P. Brewer for the State.*

*Lee A. Patterson II for defendant appellant.*

EXUM, Justice.

The sole question presented by this appeal is whether a tire tool may be deemed an "implement of housebreaking" within the meaning of G.S. 14-55. We hold that it may and affirm the decision of the Court of Appeals.

In the early morning hours of 18 August 1978, defendant and his brother were apprehended by law enforcement officers a short distance outside of the rear of the Triangle Pharmacy on Highway 54 in Durham County. The front door of the pharmacy had been pried open. A search of the area around the store yielded a crowbar at the back door, two pairs of gloves and bottles of prescription drugs in the area where defendant and his

brother were apprehended, and a tire tool lying inside the building at the rear door.

Defendant's subsequent conviction of felonious possession of implements of housebreaking was predicated upon G.S. 14-55, which provides in pertinent part:

"*Preparation to Commit Burglary or Other Housebreakings.*—If any person . . . shall be found having in his possession, without lawful excuse, any picklock, key, bit, *or other implement of housebreaking* . . . such person shall be guilty of a felony. . . ." (Emphasis supplied.)

At trial, Judge Battle instructed the jury on the offense defined by G.S. 14-55 as follows:

"[F]or you to find the defendant guilty of this offense, the State must prove two things beyond a reasonable doubt. First, that the defendant was in possession of implements of housebreaking. A tire tool and crowbar are implements of housebreaking if you find from the evidence beyond a reasonable doubt that they are commonly carried and used by housebreakers or are reasonably adapted for such use. And second, the State must prove beyond a reasonable doubt that there was no lawful excuse for the defendant's possession of these items. That is, the State must prove circumstances which show beyond a reasonable doubt that the defendant intended to use the implements in breaking into a building, or did, in fact, so use them."

Defendant strenuously contends that this instruction was in error. He maintains that a tire tool, as a matter of law, cannot be held to be an "implement of housebreaking" within the intendment of G.S. 14-55. In support of this argument, he relies upon this Court's ruling in *State v. Garrett*, 263 N.C. 773, 140 S.E. 2d 315 (1965), and upon the Court of Appeals' decision in *State v. Godwin*, 3 N.C. App. 55, 164 S.E. 2d 86 (1968), *cert. denied*, 275 N.C. 341 (1969).

In *Garrett*, defendant was arrested in the early morning hours after he was seen walking along the street with a tire tool in his hand. An examination of the door to a nearby restaurant revealed marks on the jamb, indicating an attempted breaking. On the other hand, defendant's story was that he had stopped to

tighten a lug on his truck wheel and was carrying the tire tool for that purpose. Under these circumstances, this Court held that the evidence was insufficient to support a conviction for "possession, *without lawful excuse*, [of] an implement of housebreaking as contemplated in G.S. 14-55." 263 N.C. at 775, 140 S.E. 2d at 316-17. (Emphasis supplied.) Writing for this Court, Justice Higgins reviewed the elements of the crime defined by G.S. 14-55 and expressed some concern as to whether the simple possession of a tire tool, an instrument usually found in the tool kit of the average motorist, should ordinarily be deemed a criminal act:

> "We have some doubt whether a tire tool under the *ejusdem generis* rule is of the same classification as a pick lock, key, or bit, and hence, condemned by the statute. . . . A tire tool is a part of the repair kit which the manufacturer delivers with each motor vehicle designed to run on pneumatic tires. Not only is there lawful excuse for its possession, but there is little or no excuse for a motorist to be on the road without one." *Id.* at 775-76, 140 S.E. 2d at 317.

In *State v. Godwin, supra*, the Court of Appeals relied upon *Garrett* to hold that a conviction under G.S. 14-55 could not be sustained despite evidence that defendant had used tire tools to break into a building. In so holding, the *Godwin* Court apparently viewed the "doubt" expressed in *Garrett's* dictum as a rule of law forever excluding the possession of a tire tool from the ambit of G.S. 14-55. We disagree with this interpretation.

The language in *Garrett* was not intended to mean that a tire tool or other like instrument may never, under any circumstances, be considered an implement of housebreaking. Narrowed to its essence, the holding in *Garrett* was simply that the State had failed to produce evidence sufficient to show that defendant's possession of the tire tool was "without lawful excuse" as required by the statute. This much is made clear by the subsequent decision in *State v. Lovelace*, 272 N.C. 496, 158 S.E. 2d 624 (1968). Defendants in that case were apprehended in the middle of the night at the entrance to a restaurant. The entrance door showed evidence of tool marks around the lock. Alerted to the presence of police officers, one of the defendants attempted to throw away a hammer and a large screw driver. This Court sustained defendants' conviction for unlawful possession of

housebreaking implements. Writing for the Court, Justice Higgins, author of the *Garrett* decision, pointed out that the charges of criminal possession were warranted under the particular circumstances of the case:

> "The tools, *though capable of legitimate use, nevertheless under the circumstances disclosed by the evidence,* permitted a legitimate inference that they were intended for the purpose of breaking into the restaurant. Obviously, the attempt to hide them tends to show their possession was without lawful excuse. . . ." 272 N.C. at 498, 158 S.E. 2d at 625. (Emphasis supplied.)

For similar analyses tying the application of G.S. 14-55's prohibition to *both* the use to which a particular instrument may be put *and* the circumstances under which it is found to be in defendant's possession, *see State v. Craddock,* 272 N.C. 160, 158 S.E. 2d 25 (1967); *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377 (1966); *State v. Nichols,* 268 N.C. 152, 150 S.E. 2d 21 (1966); *State v. McCall,* 245 N.C. 146, 95 S.E. 2d 564 (1956); *State v. Boyd,* 223 N.C. 79, 25 S.E. 2d 456 (1943).

[1, 2]   The gravamen of the offense of possession of housebreaking implements, as defined by G.S. 14-55, lies in the possession, "without lawful excuse," of an implement or implements either enumerated in the statute or which fairly come within the meaning of the term "other implements of housebreaking." *State v. Vick,* 213 N.C. 235, 195 S.E. 779 (1938). Thus, an article may be deemed an implement of housebreaking, the possession of which is made criminal by the statute, when (1) it is a picklock, key, bit, *or any other instrument capable of being used for the purpose of housebreaking, and* (2) at the time and place alleged, the person charged with its possession did in fact possess it for that purpose, *i.e.,* without lawful excuse. *State v. Boyd, supra,* 223 N.C. 79, 25 S.E. 2d 456; *see generally,* Annot., "Validity, Construction, and Application of Statutes Relating to Burglars' Tools," 33 A.L.R. 3d 798 (1970). Possession alone of the article is not the crime; the gist of the offense is its possession for the unlawful purpose of breaking into a building. Hence, although a prosecution under G.S. 14-55 does not require proof of any specific intent to break into a particular building at a particular time and place, the burden rests on the State to show beyond a reasonable doubt

that the defendant possessed the article in question with a general intent to use it at some time for the purpose of facilitating a breaking. *State v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898 (1946). Such a showing will of necessity depend upon the strength of circumstantial evidence.

[3]   Applying these principles to the instant case, we find Judge Battle's charge to the jury to be both well phrased and substantially correct. There was, moreover, plenary circumstantial evidence which would permit the jury to infer, as it must have, that defendant was in actual or constructive possession of the tire tool, that the tire tool was reasonably capable of use for the purpose of breaking into a building, and that defendant did in fact possess it for that purpose at the time and place of his arrest. Under the circumstances of the case, then, there was no error in the trial court's permitting the jury to conclude that the tire tool was an "implement of housebreaking" within the meaning of G.S. 14-55. The decision of the Court of Appeals upholding defendant's conviction is affirmed.

Affirmed.