STATE OF NORTH CAROLINA v. JAMES ALLEN TURNAGE, JR.

No. COA07-562

(Filed 6 May 2008)

**1. Burglary and Unlawful Breaking or Entering— first-degree burglary—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of first-degree burglary because: (1) the direct and circumstantial evidence at trial showed only that one of the panes in the front door of the victim's house had been broken and defendant was near the victim's house on the night in question and had left his thumbprint on the exterior front door of the house at some point in time; (2) although the fact of entry may be a reasonable inference from the broken glass, the State did not offer proof that it was defendant who committed the entry aside from a single thumbprint that was on the exterior of the door; and (3) taken together, the evidence only gave rise to mere speculation as to either the commission of the offense or the identity of the perpetrator.

2. **Evidence— lay opinion testimony—invasion of province of jury—not plain error**

A police officer's lay opinion testimony in a prosecution for possession of implements of housebreaking that officers searched defendant and found a screwdriver and a metal rod in his pockets "indicating that he was probably in the process of breaking into a residence" constituted an impermissible expression of opinion as to defendant's guilt. However, the admission of this testimony was not plain error where the jury had sufficient circumstantial evidence to conclude that defendant possessed the tools as implements of housebreaking.

3. **Criminal Law— failure to instruct on voluntary intoxication—not a defense for general intent crimes**

The trial court did not commit plain error in a possession of implements of housebreaking case by failing to instruct the jury on the defense of voluntarily intoxication, nor did defendant receive ineffective assistance of counsel based on the failure to request such an instruction despite testimony that defendant had been drinking alcohol and smoking crack cocaine during the hours preceding the alleged break-in and had also gotten little to no sleep in the days prior to the incident, because, although voluntary intoxication may be a defense for specific intent crimes, it provides no such defense against crimes necessitating only general intent such as possession of implements of housebreaking.

Judge BRYANT concurring in part and dissenting in part.

Appeal by defendant from judgment entered 10 March 2004 by Judge Robert H. Hobgood in Superior Court, Wake County. Heard in the Court of Appeals 27 November 2007.

*Attorney General Roy Cooper, by Assistant Attorney General David W. Boone, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant-appellant.*

WYNN, Judge.

To sustain a conviction for first-degree burglary, "the least entry with the whole or any part of the body . . . or with any instrument . . ., introduced for the purpose of committing a felony, is

## STATE v. TURNAGE

[190 N.C. App. 123 (2008)]

sufficient[.]"[1] In the instant case, because we find that the State failed to present substantial evidence that Defendant James Allen Turnage, Jr. either entered the residence in question or was the perpetrator of an entry if it did occur, we reverse his conviction for first-degree burglary. However, we affirm Defendant's conviction for possession of implements of housebreaking.

In the early morning hours of 29 April 2003, Kristina Coleman was asleep in her home at 508 Calloway Drive in Raleigh, North Carolina, with the house locked and secured. Shortly before 4:00 a.m., Ms. Coleman was awakened to the sound of breaking glass at the front entrance to her home; she called 911 to report that someone was attempting to break into the house.

When police responded, they found Defendant running up an embankment at the rear of the house, toward a fence that ran along Highway 440. Raleigh Police Officer R.J. Armstrong apprehended Defendant, at which point a screwdriver-like object with an eyelet at one end, a seven-inch metal rod, and a pen lighter were found in and taken from Defendant's pockets. Officer Armstrong and Officer Jason Bloodworth also observed that Defendant had cuts and blood on the inside of his hand. Defendant later testified that he had also had a crack pipe in his pocket that he threw away as he ran from the officers.

Defendant was subsequently indicted for first-degree burglary, possession of burglary tools, and habitual felon status. At his trial in March 2004, the State presented evidence that one of Defendant's fingerprints had been found on the exterior of the front door to the Coleman house. Additionally, one of the panes of glass in the door was broken completely through, and glass was found both inside and outside of the house. Although the edges of the broken window were "jagged," no blood was found. There was structural damage to the exterior of the door but none to the interior, and none of the fingerprints on the inside of the door matched Defendant's. Defendant testified that he had been at the Coleman house that night with an acquaintance, Artis Barber, but had not participated when Mr. Barber attempted to break into the house. Defendant further stated that he had slept very little in the days preceding the attempted break-in and had smoked crack cocaine and consumed at least a liter of Richard's Wild Irish Rose wine on the night in question.

---

1. *State v. Sneed*, 38 N.C. App. 230, 231, 247 S.E.2d 658, 659 (1978) (quoting Black's Law Dictionary 627 (4th ed. rev. 1968)).

At the conclusion of the trial, the jury found Defendant guilty of first-degree burglary, possession of implements of housebreaking, and habitual felon status. The verdict sheet also listed the lesser-included offenses of attempted first-degree burglary, felonious breaking or entering, and non-felonious breaking or entering. After this Court granted his petition for writ of certiorari in May 2005 to restore his right of appeal, Defendant appealed his March 2004 convictions, arguing that the trial court (I) erred by denying his motion to dismiss for insufficient evidence; (II) committed plain error by allowing impermissible opinion testimony from a police officer; and (III) committed plain error by failing to instruct the jury on voluntary intoxication as a defense. Defendant also asserts he received ineffective assistance of counsel because his trial counsel failed to request an instruction on voluntary intoxication.

I.

[1] First, Defendant contends that the trial court erred by denying his motion to dismiss the first-degree burglary charge for insufficient evidence, given that the State failed to present substantial evidence that he actually entered the residence in question. We agree.

To survive a motion to dismiss, the State must have presented "substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Garcia*, 358 N.C. 382, 412, 597 S.E.2d 724, 746 (2004) (citation and quotations omitted), *cert. denied*, 543 U.S. 1156, 161 L. Ed. 2d 122 (2005). "Substantial evidence" is "relevant evidence that a reasonable person might accept as adequate, or would consider necessary to support a particular conclusion." *Id.* (citations omitted). In considering a motion to dismiss by the defense, such evidence "must be taken in the light most favorable to the state . . . [which] is entitled to all reasonable inferences that may be drawn from the evidence." *State v. Sumpter*, 318 N.C. 102, 107, 347 S.E.2d 396, 399 (1986).

Moreover, "[c]ircumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence." *State v. Fritsch*, 351 N.C. 373, 379, 526 S.E.2d 451, 455 (citation and quotation omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000). Although a jury may properly base "inferences on inferences" from either direct or circumstantial evidence, *State v. Childress*, 321 N.C. 226, 232, 362 S.E.2d 263, 267 (1987), "our analysis of sufficiency of the evidence must be based on the 'evidence introduced in each case, as a whole, and adju-

dications in prior cases are rarely controlling as the evidence differs from case to case[.]' " *State v. Myers*, 181 N.C. App. 310, 314, 639 S.E.2d 1, 4 (2007) (quoting *State v. Cutler*, 271 N.C. 379, 383, 156 S.E.2d 679, 682 (1967)). As such, if the evidence is "sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed." *State v. Malloy*, 309 N.C. 176, 179, 305 S.E.2d 718, 720 (1983) (citation omitted). "This is true even though the suspicion aroused by the evidence is strong." *Id.* (citation omitted).

In North Carolina, a conviction for burglary requires proof beyond a reasonable doubt that a defendant (1) broke and (2) entered (3) at night (4) the occupied dwelling house (5) of another (6) with the intent to commit a felony therein. N.C. Gen. Stat. § 14-51 (2005); *see also State v. Parker*, 350 N.C. 411, 425, 516 S.E.2d 106, 117 (1999), *cert. denied*, 528 U.S. 1084, 145 L. Ed. 2d 681 (2000). Our courts have long held that even the slightest entry is sufficient to satisfy the second element: "the least entry with the whole or any part of the body, hand, or foot, or with any instrument or weapon, introduced for the purpose of committing a felony, is sufficient to complete the offense." *State v. Sneed*, 38 N.C. App. 230, 231, 247 S.E.2d 658, 659 (1978) (quoting Black's Law Dictionary 627 (4th ed. rev. 1968)).

In the instant case, the State presented evidence at trial that tended to show that: one of the windows in the exterior front door to the Coleman house was broken; Defendant was apprehended on an embankment behind the Coleman house shortly after Ms. Coleman heard breaking glass and called 911; Defendant had blood on his hand; Defendant's fingerprint was found on the outside of the exterior door; and broken glass was found inside and outside of the front door. However, none of the fingerprints found on the interior of the door or of the house were matched to Defendant. According to Mr. Coleman, although the "window was broken all the way through," with a hole large enough to accommodate a hand, the damage to the exterior door was restricted to the outside panel and did not make it "all the way to the inside panel." Moreover, despite the "jagged edges" of the broken glass, no blood was found on the edges, and a police detective at the scene testified that he searched Defendant "pretty good" but did not find any glass on him, including on the soles of his shoes. No eyewitness testimony placed Defendant inside the house; indeed, no evidence—either direct or circumstantial—was offered to prove that any part of Defendant's body entered the Coleman house.

Rather, the State suggested through its questioning and closing arguments that Defendant, or a tool used by Defendant, must necessarily have crossed the plane of the exterior door, into the interior of the house, when breaking the glass.

We find this evidence to be insufficient to withstand Defendant's motion to dismiss and therefore conclude the trial court erred by refusing to dismiss the charge of first-degree burglary. Even viewing the evidence in the light most favorable to the State—and giving the State every reasonable inference—the direct and circumstantial evidence at trial showed only that Defendant was near the Coleman house on the night in question and had left his thumbprint on the exterior front door of the house at some point in time. Although the fact of entry may be a reasonable inference from the broken glass, in that a body part or instrument may have crossed the plane of the door at the moment the glass broke, the State did not offer proof that it was Defendant who committed the entry, aside from a single thumbprint that was on the exterior of the door. Taken together, this evidence gives rise to mere speculation, "sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator[.]" *Malloy*, 309 N.C. at 179, 305 S.E.2d at 720 (internal citation omitted). Accordingly, the motion to dismiss should have been allowed.[2] We therefore reverse Defendant's conviction for first-degree burglary.

## II.

[2] Next, Defendant argues that the trial court committed plain error by allowing testimony from Officer Armstrong that was an impermissible opinion as to Defendant's guilt. We disagree.[3]

The North Carolina General Statutes provide:

If any person shall be found armed with any dangerous or offensive weapon, with the intent to break or enter a dwelling, or other building whatsoever, and to commit any felony or larceny therein;

2. Indeed, we note that the trial court initially granted the motion to dismiss before reversing that decision and sending the charge to the jury due to the "reasonable inference that the defendant's hand had to go inside the home to the extent it did break the plain [sic][.]" The State likewise indicated that it wanted to proceed only with either attempted first-degree burglary or a lesser-included charge of breaking or entering; however, defense counsel objected to amending the indictment, and the trial court determined to let the charge stand.

3. Because we have already reversed Defendant's conviction for first-degree burglary, we consider this argument only with respect to his conviction for possession of implements of housebreaking.

or shall be found having in his possession, without lawful excuse, any picklock, key, bit, or other implement of housebreaking; or shall be found in any such building, with intent to commit any felony or larceny therein, such person shall be punished as a Class I felon.

N.C. Gen. Stat. § 14-55 (2005). To sustain a conviction for the possession of implements of housebreaking, the State must prove both possession and that such possession was without lawful excuse. *State v. Beard*, 22 N.C. App. 596, 598, 207 S.E.2d 390, 391 (1974). Although the charge "does not require proof of any specific intent to break into a particular building at a particular time and place," the State must prove possession "with a general intent to use it at some time for the purpose of facilitating a breaking. Such a showing will of necessity depend upon the strength of circumstantial evidence." *State v. Bagley*, 300 N.C. 736, 740-41, 268 S.E.2d 77, 79-80 (1980) (internal citation omitted).

Here, the indictment identified the alleged implements of housebreaking as "a [seven-inch] metal rod, a screwdriver with a pinhole opening on the end, and a red pen/lighter[,]" items that were found on Defendant on the night of the break-in at the Coleman house. At trial, Officer Armstrong stated that, "[w]e searched him and found . . . a screwdriver and a metal rod in his pockets indicating that he was just probably in the process of breaking into a residence. Those types of tools used [sic] to break into residences." Officer Armstrong testified as a lay witness, such that his opinions were properly limited to those "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." N.C. Gen. Stat. § 8C-1, Rule 701 (2005). Nevertheless, we find Officer Armstrong's statements, particularly the first, to have impermissibly invaded the province of the jury, as he drew inferences from the evidence—a task reserved for the jury—to express an opinion as to Defendant's guilt. *See State v. White*, 154 N.C. App. 598, 605, 572 S.E.2d 825, 831 (2002) ("The jury is charged with drawing its own conclusions from the evidence, and without being influenced by the conclusion of [a law enforcement officer].").

Having concluded that the admission of the testimony was error, we must determine whether the error was plain error, as Defendant did not object to its admission at trial. *See* N.C. R. App. P. 10(c)(4) (providing that, in criminal cases, "a question which was not preserved by objection noted at trial" may still be argued on appeal if it

is "specifically and distinctly contended to amount to plain error."). We find that it was not.

Aside from Officer Armstrong's statements, the State presented evidence that Defendant had a long criminal history, including several charges of breaking and entering, as well as that Defendant was at the Coleman house on the night in question, his fingerprint was found on the door of the house, and the door to the house had broken glass. Although Defendant offered a competing explanation for the purpose of the tools in his possession, namely, to abuse drugs, the jury had sufficient circumstantial evidence to conclude that he possessed the tools as implements of housebreaking. *See Bagley*, 300 N.C. at 740-41, 268 S.E.2d at 79-80 (noting that the State's showing of the requisite general intent with respect to possession of implements of house-breaking "will of necessity depend upon the strength of circumstantial evidence").

Accordingly, we conclude that Defendant has failed to show that, but for the erroneous admission of Officer Armstrong's statements, the jury would have reached a different verdict on this charge. *See State v. Gardner*, 315 N.C. 444, 450, 340 S.E.2d 701, 706 (1986) (noting that, to find plain error, "the appellate court must determine that the error in question 'tilted the scales' and caused the jury to reach its verdict convicting the defendant." (citation omitted)). This assignment of error is overruled.

## III.

**[3]** Finally, Defendant asserts that the trial court committed plain error by failing to instruct the jury on voluntary intoxication as a defense. Defendant further contends that he received ineffective assistance of counsel because his defense attorney failed to request such an instruction, despite testimony that Defendant had been drinking alcohol and smoking crack cocaine during the hours preceding the alleged break-in and had also gotten little to no sleep in the days prior to the incident.

Because we have already reversed his conviction for first-degree burglary on other grounds, we decline to consider these arguments in the context of that conviction. Additionally, we note that, although voluntary intoxication may be a defense for specific intent crimes, *see State v. Bunn*, 283 N.C. 444, 458, 196 S.E.2d 777, 786 (1973) ("Although voluntary intoxication is no excuse for crime, where a specific intent is an essential element of the offense charged, the fact of intoxication may negate the existence of that intent."), it

provides no such defense against crimes necessitating only general intent, such as the possession of implements of housebreaking. *See State v. Harvell*, 334 N.C. 356, 368, 432 S.E.2d 125, 131 (1993); *Bagley*, 300 N.C. at 740-41, 268 S.E.2d at 79-80. This assignment of error is overruled.

Reversed in part; no prejudicial error in part.

Judge ELMORE concurs.

Judges BRYANT concurs in part and dissents in part in a separate opinion.

BRYANT, Judge concurring in part and dissenting in part.

Because I believe the trial court did exactly as the law requires by denying defendant's motion to dismiss the first-degree burglary charge and allowing the case to go to a jury, and because I believe defendant received a fair trial free from error, prejudicial or otherwise, I respectfully dissent from the majority opinion. However, as to that portion of the opinion holding no error in defendant's conviction for possession of implements of housebreaking, I concur.

The majority reverses defendant's conviction for first-degree burglary, holding the trial court erred in not dismissing the charge due to insufficient evidence. The majority argues that "viewing the evidence in the light most favorable to the State—and giving the State every reasonable inference—the direct and circumstantial evidence at trial showed only that Defendant was near the Coleman house on the night in question and had left his thumbprint on the exterior front door of the house at some point in time." The majority reasons this "gives rise to mere speculation . . . '[as to] the identity of the defendant as the perpetrator[,]' " *citing Malloy*, 309 N.C. at 179, 305 S.E.2d at 720, and on this ground holds defendant's motion to dismiss should have been allowed. I disagree.

"Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a *reasonable inference* of defendant's guilt may be drawn from the circumstances." *Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (internal citation omitted) (emphasis added). "If so, it is for the jury to decide whether the facts, taken singly or in combination, satisfy them beyond a reasonable doubt that the de-

fendant is actually guilty. . . ." *State v. Thomas*, 296 N.C. 236, 244, 250 S.E.2d 204, 209 (1978) (citations omitted) (emphasis omitted).

Here, the evidence presented tended to show that the victim awoke at 4:00 a.m. to the sound of breaking glass coming from the front entrance of her home. She immediately called 911. Within two minutes, police officers responding to the announcement of a "burglary in progress," observed defendant, at the rear of the victim's house, running up an embankment. Upon seizure, police noticed defendant's hand was bleeding from a cut, and incident to his arrest, police searched defendant to find a screwdriver-like object, a seven-inch metal rod, and a lighter pen. Later, during the investigation, police recovered defendant's fingerprint from the exterior side of the front door below the broken glass pane.

I believe the evidence gives rise to more than "mere speculation." And, though circumstantial, I believe the evidence presented, given the benefit of every reasonable inference, is such that "a reasonable person might accept as adequate . . . to support . . . [the] particular conclusion[,]" *Garcia*, 358 N.C. at 412, 597 S.E.2d at 746, defendant was the perpetrator.

For these reasons I would hold no error in the denial of defendant's motion to dismiss the charge of first-degree burglary.