STATE OF NORTH CAROLINA v. WILLIAM HOWARD McDONALD

No. 7415SC610

(Filed 16 October 1974)

1. **Automobiles § 3— driving while license suspended — officer's knowledge that license was suspended**

In a prosecution for driving while license was suspended, the trial court did not err in permitting the arresting patrolman to testify that he knew defendant's license had been suspended based upon a list of suspended licenses received by his patrol unit from the Department of Motor Vehicles where the testimony was offered to show the patrolman's reason for stopping defendant and not as substantive proof of the license suspension, compliance with the statutes governing authentication and admissibility of driving records being unnecessary in such case. G.S. 8-35; G.S. 20-42(b).

2. **Criminal Law § 99— explaining solicitor's question — no expression of opinion**

In a prosecution for driving while license was suspended, the trial court did not express an opinion about defendant's inability to produce a driver's license in explaining the thrust of a question by the solicitor incident to ruling on an objection thereto.

3. **Automobiles § 3— identity of driving record**

In a prosecution for driving while license was suspended, it is immaterial that the trial judge failed to recite the identity of a driving record introduced in evidence where an officer had previously identified the record as that of defendant.

4. **Criminal Law § 114— expression of opinion — use of "it therefore appears"**

In a prosecution for driving while license was suspended, the trial court did not express an opinion in use of the words "it therefore appears" in summarizing defendant's driving record which had been introduced in evidence.

5. **Automobiles § 3—notice of suspension of license — production by machine — absence of official's signature**

Fact that a notice and record of suspension of license mailed to defendant was produced by a machine and that it was not signed by an official of the Department of Motor Vehicles did not render it inadmissible in evidence. G.S. 20-48.

6. **Automobiles § 3— driving while license suspended — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution of defendant for driving while his license was suspended.

7. **Criminal Law § 112— reasonable doubt — presumption of innocence — instructions**

Absent request, the trial court is not required to define reasonable doubt, and when he charges correctly on reasonable doubt, he is not

required to charge on the presumption of innocence unless requested to do so.

**8. Criminal Law § 116— charge on defendant's failure to testify**

Trial court's charge concerning defendant's failure to testify was sufficient where the court charged that defendant could elect to take the stand or to remain silent and that his silence was not to be considered against him.

**9. Automobiles § 3— driver's license — notice of change of address**

In a prosecution for driving while license was suspended, defendant was not prejudiced by the court's erroneous instruction that a person who drives is required by G.S. 20-48 to give notice of a change of address to the Department of Motor Vehicles.

APPEAL by defendant from *Clark, Judge,* 21 January 1974 Session of Superior Court, ALAMANCE County. Heard in the Court of Appeals 17 September 1974.

Defendant was arrested and charged with operating a motor vehicle on a public street or highway while his operator's license was suspended, in violation of G.S. 20-28(a). The jury found the defendant guilty as charged. From judgment imposing a sentence of not less than four months nor more than six months with a recommendation for work release, defendant appealed.

The State's evidence tended to show that on 26 June 1973 defendant was operating a 1973 Ford near the intersection of Davis and Spring Streets in Burlington when Officer James Lynch stopped him and arrested him for operation of a motor vehicle with a suspended license in violation of G.S. 20-28(a); that defendant was not operating the car in any unusual manner prior to his arrest, but that Officer Lynch knew defendant personally and knew that defendant's license had been suspended based upon a list of suspended licenses received by his patrol unit from the Department of Motor Vehicles.

Additional facts necessary for decision are set forth in the opinion.

*Attorney General Carson, by Associate Attorney Kirby, for the State.*

*John D. Xanthos for defendant appellant.*

MORRIS, Judge.

[1] Defendant first argues that the trial court erred in allowing Officer Lynch to testify as to the status of defendant's

driver's license from a source other than the records of the North Carolina Department of Motor Vehicles. It is defendant's contention that the court should have required compliance with the provisions of G.S. 8-35 and G.S. 20-42(b) since those statutes govern proper authentication and admissibility of driving records. We disagree. This testimony was not offered as substantive proof of the license suspension. It was offered primarily to show the officer's reason for stopping defendant. Other evidence clearly established the status of defendant's driver's license so that defendant was not prejudiced by this testimony in any way.

[2] Defendant next asserts that the trial court violated G.S. 1-180 by expressing an opinion about defendant's inability to produce a North Carolina driver's license. Defendant's argument is not persuasive. The record shows that the statement of the trial judge was obviously only a paraphrase of a question asked by the solicitor. The judge was not making an independent observation of his own, but simply was explaining the thrust of the solicitor's question incident to the overruling of defendant's objection. Even if the comment was improper, which we do not concede, defendant has not shown he was prejudiced thereby.

Defendant maintains the trial court erred in allowing State's Exhibits 1 and 2 to be introduced into evidence, in reading therefrom, and in stating to the jury what "appears from this record" since (1) Exhibit 1 did not identify the defendant, (2) the court made an improper comment with respect to Exhibit 1, and (3) Exhibit 2 lacked a proper certificate of mailing and a signature.

[3] More specifically, defendant contends there is nothing in the record on appeal showing that the driving record introduced at trial was the driving record of the defendant. Defendant's contention is without merit. It is immaterial that the trial judge did not recite the identity of the driving record among those parts introduced into evidence since Officer Lynch had previously fully identified the record as that of the defendant. Furthermore, we note that the identity of the driving record was never denied by the defendant at the trial.

[4] With respect to the allegedly improper comment by the trial judge concerning Exhibit 1 defendant argues that the words, "it therefore appears" used by the court in summing

State v. McDonald

up the record constituted a violation of G.S. 1-180. We do not agree. It repeatedly has been held that it is not improper for a trial judge to state that certain evidence "tends to show" a certain fact. E.g., *State v. Huggins*, 269 N.C. 752, 153 S.E. 2d 475 (1967); *Womble v. Morton*, 2 N.C. App. 84, 162 S.E. 2d 657 (1968). The phraseology used by the court here is of the same import.

[5] The defendant also asserts that Exhibit 2, the official notice and record of suspension of driving privileges which was mailed to the defendant, should not have been allowed into evidence since "it was produced from a data-type machine, in robot fashion, and never signed by any official" and since the record does not show the required certificate of mailing. We find no merit in defendant's contentions. The fact the notice and record of suspension was produced by a machine is irrelevant, its only purpose being to give the defendant notice of the suspension. Furthermore, we find nothing in G.S. 20-48, the statute providing for the manner in which notice is to be given, requiring an official of the Department of Motor Vehicles to sign the notice.

With respect to the certification of Exhibit 2, while the certificate was not shown when this exhibit was reproduced in the record, we note that copies of the exhibit filed with the court demonstrate that the actual exhibit did contain on its face the certification required by G.S. 20-48. The certification was the standard one used by the Department of Motor Vehicles and was stamped on the notice and signed by V. Ferrell, an employee of that department. Concerning the legibility of the certificate defendant argues that the "blurred, illegible, rubber-stamped conglomeration in the lower left-hand corner of State's Exhibit 2" is not sufficient to constitute a proper certification as to the mailing. After viewing the exhibit carefully, we conclude the certification was sufficiently legible to constitute a valid certification under the statute.

[6] Defendant also maintains that the trial court erred in not granting his motions for a nonsuit at the close of the State's evidence and at the close of all of the evidence. Such a motion "is properly denied if there is any competent evidence to support the allegations of the warrant . . ., considering the evidence in the light most favorable to the State." *State v. McCuien*, 15 N.C. App. 296, 190 S.E. 2d 386, cert. denied 282 N.C. 154 (1972). Having concluded that both of the State's exhibits

were competent and that the testimony of Officer Lynch with regard to information he obtained from police headquarters was admissible, it follows that there was sufficient evidence to withstand defendant's motions.

[7] In his fifth assignment of error defendant contends that the trial court erred in failing to give proper instructions to the jury on the presumption of innocence. Defendant argues that nowhere in the charge is "reasonable doubt" defined and, therefore, it was incumbent on the trial court to charge on the presumption of innocence even without request. We do not agree. Absent request, the trial court is not required to define reasonable doubt, and when he charges correctly on reasonable doubt, he is not required to charge on the presumption of innocence unless requested to do so. *State v. Flippin,* 280 N.C. 682, 186 S.E. 2d 917 (1972). Here, the trial court had charged on reasonable doubt, albeit minimally, and there was no request for an instruction on presumption of innocence. This assignment of error is overruled.

[8] Defendant insists the trial court's charge concerning defendant's failure to testify was grossly inadequate. The court stated:

> "The defendant may take the stand or he may remain silent, he may elect either one. If he does elect to remain silent, under the law you will not consider this against him or to his prejudice in the trial."

The judge instructed the jury not only that the defendant had a right to remain silent, but also that his silence was not to be considered against him. Manifestly, the jury must have clearly understood that defendant had a legal right to elect to testify or not to testify in his own behalf. We find no error.

[9] Defendant contends the court's instructions on G.S. 20-48 were inadequate and incorrect. In this case, the defendant's license was suspended pursuant to G.S. 20-16 which requires that incident to the suspension, notice be sent to the driver affected. The manner of giving such notice is covered by G.S. 20-48, a general provision, applicable to all instances in which notice is required under Chapter 20 of the General Statutes. We concede the trial court erred in charging that "the provisions of the statute" places a duty on the person who drives to give notice of a change of address. As was pointed out by this Court in *State v. Teasley,* 9 N.C. App. 477, 485, 176 S.E. 2d 838

(1970), there exists no statute in this State requiring a person holding an operator's or chauffeur's license to notify the Department of Motor Vehicles when he changes his address, though it might be the better practice to do so. It is well settled in this State, however, that instructions to the jury, even though technically erroneous, will not warrant a new trial when such instruction could not have adversely affected the verdict. *Highway Commission v. Nuckles,* 271 N.C. 1, 155 S.E. 2d 772 (1967). We conclude the verdict in this case was not affected by the error in the charge and that defendant was not prejudiced in any way.

The remaining assignments of error are also directed to the court's instructions to the jury. The charge fairly applied the law to the facts and was free from prejudicial error.

No error.

Chief Judge BROCK and Judge MARTIN concur.