STATE OF NORTH CAROLINA v. DICKEY JERALD JOHNSON

No. 7519SC71

(Filed 7 May 1975)

Automobiles § 3— driving while license revoked — record and certificate of revocation — requirements for validity

In a prosecution for driving under the influence of an intoxicating beverage while defendant's license was permanently revoked, the trial court did not err in admitting into evidence the official notice and record of revocation of defendant's driving privilege and the attached certificate, though the certificate was only initialed by an employee of the Department of Transportation and was not notarized, since G.S. 20-48 does not require the full signature of the employee making the certificate or that such certificate be notarized.

APPEAL by defendant from *Seay, Judge.* Judgment entered 4 September 1974 in Superior Court, ROWAN County. Heard in the Court of Appeals 7 April 1975.

State v. Johnson

---

The defendant, Dickey Jerald Johnson, was charged in a single warrant, proper in form, with operating a motor vehicle on the public highway (1) while he was under the influence of an intoxicating beverage and (2) while his operator's license was permanently revoked. The defendant pleaded not guilty and was found guilty on both charges. From judgments imposing a jail sentence of six (6) months on the count charging the defendant with driving under the influence and eighteen (18) months on the count charging him with driving an automobile while his license was permanently revoked, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James L. Blackburn for the State.*

*Davis, Ford & Weinhold by Robert M. Davis for defendant appellant.*

HEDRICK, Judge.

All of defendant's assignments of error relate to the charge of driving a motor vehicle while his license was permanently revoked and present the question of whether the trial court erred in admitting into evidence the official notice and record of revocation of defendant's driving privilege.

G.S. 20-48 requires that when notice is given by the Department of Transportation under any law regulating the operation of motor vehicles, proof of the giving of such notice "may be made by the certificate of any officer or employee of the Department or affidavit of any person over 18 years of age, naming the person to whom such notice was given and specifying the time, place, and manner of the giving thereof." Notice may be given by "deposit in the United States mail . . . in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the Department. The giving of notice by mail is complete upon the expiration of four days after such deposit of such notice." G.S. 20-48.

Defendant argues that the certificate required by G.S. 20-48 to prove that notice of the revocation of his operator's license was mailed to him was insufficient because (1) it was not "signed" by an employee of the Department, but was merely initialed and (2) the certificate was not sworn to and subscribed before a notary public.

We find nothing in G.S. 20-48 which requires that the certificate to prove that the notice of revocation was mailed in accordance with the statute contain the full signature of the employee making the certificate or that such certificate be notarized. See *State v. McDonald*, 23 N.C. App. 286, 208 S.E. 2d 915 (1974) ; *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838 (1970). In the instant case, the certificate meets all the requirements of G.S. 20-48 and provides *prima facie* evidence of the genuineness of such certificate, the truth of the statements made in such certificate, and the official character of the person who purportedly initialed and executed it. G.S. 8-35; *State v. Herald*, 10 N.C. App. 263, 178 S.E. 2d 120 (1970). We therefore hold that the court did not err in admitting into evidence the official notice and record of revocation of the defendant's driving privilege and the attached certificate; that the court did not err in declaring and explaining the law arising on such evidence; and that the court did not err in denying defendant's motions for judgment as of nonsuit.

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.