McDougald v. Doughty

EVELYN McDOUGALD, ADMINISTRATRIX OF THE ESTATE OF WENDELL McDOUGALD, DECEASED v. REBECCA ARNOLD DOUGHTY

No. 7512SC257

(Filed 15 October 1975)

1. Trial §§ 32, 38— jury informed that instruction given at party's request

Where the trial court prefaced the giving of plaintiff's requested instruction with the statement that he had been requested by counsel to read it, the jurors were not misled but properly understood that the court, in giving the requested special instruction, gave it as the court's instruction on the law and not merely as a contention of one of the parties.

2. Automobiles § 90— striking minor bicyclist — instruction as to statute proper

In an action for wrongful death of plaintiff's intestate who was killed when his bike and defendant's automobile collided, the trial court did not err in failing to refer specifically to G.S. 20-141(c) as that statute existed at the time of the accident in question, since the court did instruct the jury adequately on the substance of the statute as it related to the evidence in this case.

APPEAL by plaintiff from Gavin, Judge. Judgment entered 10 January 1975 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 29 May 1975.

Civil action for wrongful death. Plaintiff's intestate, a thirteen-year-old boy, was killed as a result of a collision between his bicycle and defendant's automobile which occurred on the afternoon of 13 April 1973 on a rural paved road in Cumberland County. Issues of negligence, contributory negligence, and damages were submitted to the jury. The jury answered the first issue in favor of the defendant, and from judgment dismissing the action, plaintiff appealed.

---

---

*MacRae, MacRae & Perry by James C. MacRae for plaintiff appellant.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson, Jr. for defendant appellee.*

PARKER, Judge.

Appellant brings forward four assignments of error, all of which relate to the court's instructions to the jury. The first assignment of error relates to the following portion of the court's charge:

> "The Court charges you that negligence is the lack of ordinary care. It is failure to do what a reasonably careful and prudent person would have done, or the doing of something which a reasonably careful and prudent person would not have done, considering all of the circumstances then existing on the occasion in question.

> "Negligence is not to be presumed from the mere fact of an accident, or a wrongful death in this case. A party seeking damages as a result of negligence has the burden of proving not only that negligence but also that such negligence was the proximate cause of the damage or the wrongful death. In connection with this, I have been asked by counsel to read to you the following: 'The law imposes upon a motorist the duty to exercise due care to avoid injuring children whom he may see, or by the exertion of reasonable care should see, on or near the highway. In so doing, he must recognize that children have less discretion and capacity to shun danger than adults and are entitled to a care proportionate to their inability to foresee and avoid peril.

> "Due care may require a motorist in a particular situation to anticipate that a child of tender years whom he sees on or near the highway will attempt to cross in front of his approaching automobile, unmindful of the attendant danger.'"

[1] Appellant's counsel acknowledges that the special instruction was given in the exact form which he had requested, but contends that prejudicial error resulted when the judge prefaced the giving of this special instruction with the statement that he had been requested by counsel to read it. We have hereto-

McDougald v. Doughty

fore had occasion to express our disapproval of the trial court's informing the jurors that particular instructions are given at the request of a party. *Womble v. Morton*, 2 N.C. App. 84, 162 S.E. 2d 657 (1968). When such instructions are given, they should be given as instructions from the court, else there is danger they be considered by the jury as being merely the contentions of one of the parties. However, in the present case we are of the opinion that no prejudicial error resulted. Subsequently, in the charge the court instructed the jury that "the fact that teenagers were on the highway in the vicinity of the accident, that the deceased Wendell McDougald, was on the highway on a bicycle, riding on the shoulder or on the highway, these are facts that must be considered by you and related to the law *as I have given it to you.*" (Emphasis added.) When the charge is considered as a whole, we are of the opinion that the jurors were not misled and properly understood that the court, in giving the requested special instructions, gave it as the court's instruction on the law and not merely as a contention of one of the parties.

[2]  In her second assignment of error the appellant contends that the court committed error in failing to instruct the jury as to the duty of a motorist to decrease speed "when special hazard exists" and "as may be necessary to avoid colliding with any person, vehicle, or other conveyance on or entering the highway." A violation of this duty, which was expressly imposed by G.S. 20-141 (c) as that statute existed at the time of the accident here in question, was alleged in plaintiff's complaint as one of the respects in which plaintiff contended that defendant was negligent. Although the court in its charge did not expressly refer to the statute, in our opinion it did instruct the jury adequately on the substance of the statute as it related to the evidence in this case. This is all that the court was required to do. In this connection the only "special hazard" disclosed by the evidence in this case was the presence of some "teenagers" on the shoulder of the highway at a point 300 to 400 yards before defendant's car reached the point of collision and the presence of plaintiff's intestate riding his bicycle on the paved portion and on the shoulder of the highway as defendant's car approached the point of collision. The court charged:

> "When the conditions existing at the scene, such as teenagers on the highway or young people on the highway,

increase the danger by comparison to that existing under normal conditions, the care required of the driver is correspondingly increased, and violation of this duty is negligence."

Immediately following this, the court clearly instructed the jury that "[t]he Motor Vehicle Law provides that no person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing," that "[a] violation of this law is negligence," that in determining whether a speed at which a motorist was proceeding was reasonable and prudent the jury should consider all circumstances shown to exist at the time at the scene, and that "a rate of speed may be unreasonable and prudent even though it is within the maximum speed limit at the place in question." Appellant's second assignment of error is overruled.

The two remaining assignments of error brought forward in appellant's brief both relate to portions of the court's charge to the jury bearing upon the issue of contributory negligence. Had there been error prejudicial to appellant in the portions of the charge referred to, and we find none, it was rendered harmless by the jury's answer to the first issue.

No error.

Judges BRITT and VAUGHN concur.