STATE OF NORTH CAROLINA v. CHARLES ROBERT CADORA

No. 717SC759

(Filed 15 December 1971)

1. Criminal Law § 23; Burglary and Unlawful Breakings § 10— unlawful possession of housebreaking implements — appeal from guilty plea

Defendant's plea of guilty of unlawful possession of implements of housebreaking precludes defendant from successfully contending on appeal that the items listed in the indictment, "chisel, screwdriver, walkie-talkie, gloves, phone listening devices," were not "other implements of housebreaking" within the meaning of G.S. 14-55 and that he had a lawful excuse to have them in his possession.

**2. Criminal Law § 138— single sentence for three crimes — support by one conviction**

    The trial court did not err in imposing a single sentence of not less than 7 nor more than 10 years upon defendants' pleas of guilty of possession of less than one gram of marijuana, attempted breaking and entering, and possession of burglary tools, since the sentence could have been imposed on the one charge of possession of burglary tools.

**3. Constitutional Law § 36; Criminal Law § 138— cruel and unusual punishment**

    Punishment within the limits prescribed by statute is not cruel and unusual punishment.

APPEAL by defendant from *Tillery, Judge,* 14 June 1971 Session of Superior Court for the trial of criminal cases held in EDGECOMBE County.

In case #71CR3607, the defendant was charged in a bill of indictment, proper in form, with the felony of the possession of more than one gram of marijuana, a violation of the Uniform Narcotic Drug Act.

In case #71CR3609, the defendant was charged in a bill of indictment, proper in form, with the felony of breaking and entering a building with intent to steal, a violation of G.S. 14-54(a).

In case #71CR3610, the defendant was charged in a bill of indictment which reads as follows:

    "THE GRAND JURORS FOR THE STATE UPON THEIR OATH PRESENT: That Charles Robert Cadora, late of the County of Edgecombe on the 13th day of May, 1971, with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously did and without lawful excuse have in his possession burglary tools to wit: chisel, screwdriver, walkie-talkie, gloves, phone listening devices, which are implements of house breaking, contrary to the form of the Statute in such case made and provided and against the peace and dignity of the State."

The defendant entered the following pleas: In case #71CR3607, he entered a plea of guilty of possession of less than one gram of marijuana; in case #71CR3609, he entered a plea of guilty of attempted breaking and entering; and in case #71CR3610, he entered a plea of guilty of the possession of burglary tools.

After questioning the defendant under oath, in open court, as to the voluntariness of his plea (as appears in the transcript of plea set out in the record), the trial court adjudged that the plea of guilty was freely, understandingly and voluntarily made.

All three charges to which the plea of guilty was made were consolidated for judgment, and the defendant was sentenced to not less than seven years nor more than ten years.

The defendant appealed to the Court of Appeals.

*Attorney General Morgan and Associate Attorney Conely for the State.*

*George A. Goodwyn for defendant appellant.*

MALLARD, Chief Judge.

[1]  Defendant's first contention is that the bill of indictment in case #71CR3610 is not sufficient to charge him with the felony of possession of burglary tools in violation of G.S. 14-55.

The pertinent parts of G.S. 14-55 read as follows:

> "If any person . . . shall be found having in his possession, *without lawful excuse,* any picklock, key, bit, *or other implement of housebreaking* . . . such person shall be guilty of a felony and punished by fine or imprisonment in the State's prison, or both, in the discretion of the court." (Emphasis added.)

In the bill of indictment it is alleged, among other things, that the defendant did *"without lawful excuse* have in his possession burglary tools to wit: chisel, screwdriver, walkie-talkie, gloves, phone listening devices, *which are implements of housebreaking."* (Emphasis added.) Although these instruments have other uses which are legitimate and were not made for the specific purpose of breaking into buildings, it is common knowledge that chisels and screwdrivers can be, and may be, used as implements of housebreaking. See *State v. Lovelace,* 272 N.C. 496, 158 S.E. 2d 624 (1968); *State v. Morgan,* 268 N.C. 214, 150 S.E. 2d 377 (1966); *State v. Baldwin,* 226 N.C. 295, 37 S.E. 2d 898 (1946); and *State v. Vick,* 213 N.C. 235, 195 S.E. 779 (1938).

The evidence for the State was that the defendant was a passenger in an automobile being operated by one John Wesley

Bailey on Highway #44 North of Tarboro when it was stopped by police officers. State's witness, Deputy Sheriff Enoch Sawyer, testified:

"* * * Upon examination of the car, I saw a portion of a fifth of liquor, taxpaid, in the back seat of the car, and immediately, Chief Webb advised the persons in the car of their rights. Charles Robert Cadora said he was the owner of the car, and gave us permission to search the car, and upon the search, we found marijuana which tested out at 11.1 grams, and also 70 nembutal capsules, a telephone test set, binoculars, chisels, screwdriver, tire tool, set of walkie-talkies, two pistols, two stockings with mouth places out of it, three pair of gloves, two pair of leather gloves, one pair of rubber gloves. The guns were loaded and the chemical analysis of the drugs showed positive. The SBI chemical analysis was also made.

The Defendants, Ruiz, Bailey, and Cadora, did not go into the trailer but they broke the glass out of the door, then went under the trailer. * * *"

During the entry of the plea of guilty in superior court and while the evidence with respect to punishment was being received, the defendant did not contend that the chisel, screwdriver, walkie-talkie, gloves, and phone-listening devices were not implements that could be used in housebreaking; nor did he contend that he had a lawful excuse for the possession of these instruments under the circumstances. On the contrary, when he was asked by the presiding judge if he understood that he was charged with the possession of burglary tools, he replied under oath that he did. Thereupon, the judge asked him how he pleaded to the charge, and he replied, "Guilty." Then the judge asked him, "Are you in fact guilty?" The defendant, who was sworn to tell the truth, replied, "Yes." But now he contends that these instruments in combination, as described in the bill of indictment, are not "other implements of housebreaking" as defined in the statute. This contention comes too late. The defendant, by his plea of guilty, after being sworn to tell the truth, informed the court that he had no lawful excuse to possess the "chisel, screwdriver, walkie-talkie, gloves, phone listening devices." Also, by stating under oath to the judge that he was guilty, he admitted that they were implements of housebreaking. The guilty plea thus eliminated the burden on the State to prove that the

State v. Cadora

defendant had in his possession an implement or implements of housebreaking enumerated in, or which come within, the provision of G.S. 14-55, and that such possession was without lawful excuse. See *State v. Caldwell,* 269 N.C. 521, 153 S.E. 2d 34 (1967). Under the factual circumstances of this case, this defendant cannot now successfully urge that the combination of instruments as set out in the bill of indictment did not fit the description of "other implements of housebreaking" and that he had a lawful excuse to have them in his possession.

[2]   The defendant also contends that the court committed error in sentencing him for a term of not less than seven years nor more than ten years. This contention is without merit. All three of the charges in this case were consolidated for judgment. The sentence imposed could have been imposed on the one charge of the unlawful possession of implements of housebreaking. The Supreme Court, in *State v. Blackmon,* 260 N.C. 352, 132 S.E. 2d 880 (1963), held that the maximum punishment for the unlawful possession of implements of housebreaking is ten years.

[3]   The defendant further contends that the sentence of seven to ten years imprisonment is cruel and unusual punishment and in violation of law. This contention is also without merit. It is the law in North Carolina that punishment is not cruel and unusual punishment if it is within the limits prescribed by the General Assembly. *State v. Williams,* 279 N.C. 515, 184 S.E. 2d 282 (1971) ; *State v. Rogers,* 275 N.C. 411, 168 S.E. 2d 345 (1969) ; *State v. Lovelace,* 271 N.C. 593, 157 S.E. 2d 81 (1967) ; *State v. Bruce,* 268 N.C. 174, 150 S.E. 2d 216 (1966) ; *State v. Culp,* 5 N.C. App. 625, 169 S.E. 2d 10 (1969) ; *State v. Morris,* 2 N.C. App. 611, 163 S.E. 2d 539 (1968).

No error.

Judges HEDRICK and GRAHAM concur.