STATE OF NORTH CAROLINA v. MAURICE OWENS, Defendant

No. COA09-1441

(Filed 6 July 2010)

### 1. Evidence— officer testimony—housebreaking tools

The trial court did not commit prejudicial error in a possession of implements of housebreaking, breaking and entering, larceny, and trespassing case by overruling defendant's objection to a detective's testimony that officers found tools in defendant's possession considered to be housebreaking tools in light of the strong evidence of defendant's guilt.

### 2. Burglary and Unlawful Breaking or Entering— instruction—housebreaking tools

The trial court did not commit plain error in a possession of implements of housebreaking, breaking and entering, larceny, and trespassing case by giving what was tantamount to a peremptory instruction that the tools found in defendant's possession were implements of housebreaking in light of the substantial evidence of defendant's guilt.

### 3. Burglary and Unlawful Breaking or Entering— possession of implements of housebreaking—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motion to dismiss the charge of possession of implements of housebreaking at the close of all evidence. There was plenary circumstantial evidence permitting the jury to infer that defendant was in actual or constructive possession of tools that were reasonably capable of use for the purpose of breaking into a building and that defendant did in fact possess them for that purpose at the time and place of his arrest.

### 4. Burglary and Unlawful Breaking or Entering— breaking and entering—motion to dismiss—sufficiency of evidence

The trial court did not err by denying defendant's motions to dismiss the charge of breaking and entering under N.C.G.S. § 14-54(a) and felonious larceny pursuant to a breaking or entering. There was substantial evidence that defendant was the person who entered a pump house and, in the absence of evidence of a lawful purpose for doing so, had the requisite intent to commit larceny therein.

**5. Constitutional Law— double jeopardy—first-degree tres-passing a lesser-included charge of felony breaking and entering**

The trial court erred by failing to arrest judgment on a first-degree trespassing charge when the jury returned verdicts on both felonious breaking and entering and first-degree trespass. First-degree trespass is a lesser-included offense of felony breaking and entering.

Appeal by defendant from judgments entered 6 May 2009 by Judge W. Allen Cobb, Jr. in Sampson County Superior Court. Heard in the Court of Appeals 12 April 2010.

*Roy Cooper, Attorney General, by Patrick S. Wooten, Assistant Attorney General, for the State.*

*William D. Spence, for defendant-appellant.*

MARTIN, Chief Judge.

Defendant was charged with possession of implements of house-breaking; felonious breaking and entering; felonious larceny pursuant to breaking and entering; felonious possession of stolen goods; resisting, delaying, or obstructing a public officer; and first-degree trespass. He was charged in an ancillary indictment with having obtained the status of an habitual felon.

The State's evidence at trial tended to show that on the evening of 2 October 2008, James Hairr set the silent alarm at his turkey farm, locked the gate across the vehicular entrance, and went to his home about one-and-a-quarter miles away. Later that night, the alarm went off at the farm. Mr. Hairr and his son went to the farm; when they arrived, the gate was still locked, but they saw a four-wheeler go-cart was parked near a shed. Mr. Hairr observed that the door to the pump house was cracked open. He then saw the light go out in the pump house and someone run out of the door and around the corner of the building. Mr. Hairr called 911.

Law enforcement officers responded to the call, including a canine unit. The dog led the officers to a bag just inside the wood line; the bag contained property belonging to Mr. Hairr. They observed a person dressed in dark clothing between two of the turkey houses and gave chase, eventually finding defendant curled up in the fetal position on the ground in a brushy area near the wood line. A flash-

light and a screwdriver were found on defendant's person. The officers found "[b]olt cutters, wire pliers, screwdrivers, wrenches; miscellaneous tools . . ." in the four-wheeler go-cart. Two of the officers testified that they had seen defendant driving the go-cart within a month and a half before the incident.

Defendant offered no evidence. A jury found him guilty of all charges. The trial court arrested judgment on the charge of possession of stolen goods. Defendant pled guilty to the charge of having attained the status of an habitual felon. He was sentenced as an habitual felon to concurrent active terms of imprisonment of a minimum of 168 months and a maximum of 211 months for each of the charges of possession of implements of housebreaking, breaking and entering, and larceny. He was also sentenced to a consecutive active sixty-day term for resisting a public officer, and a second consecutive active sixty-day term for first-degree trespass. Defendant gave notice of appeal.

---

**[1]** Defendant's first two arguments raise similar issues. He first contends the trial court erred by overruling his objection to testimony by Detective Parsons that the officers found, on the four-wheeler go-cart at the scene, "[b]olt cutters, wire pliers screwdrivers, wrenches; miscellaneous tools *that we consider house breaking tools.*" (Emphasis added). Defendant contends the testimony was inadmissible opinion evidence and invaded the province of the jury. We conclude that even if the admission of the testimony was in error, it was not prejudicial.

In *State v. Turnage*, 190 N.C. App. 123, 660 S.E.2d 129, *rev'd in part on other grounds and remanded*, 362 N.C. 491, 666 S.E.2d 753 (2008), a police officer testified that "[w]e searched [the defendant] and found . . . a screwdriver and a metal rod in his pockets indicating that he was just probably in the process of breaking into a residence. Those types of tools used [sic] to break into residences." *Id.* at 129, 660 S.E.2d at 133 (alteration in original). This Court found that the officer's statements "particularly the first . . . impermissibly invaded the province of the jury, as he drew inferences from the evidence—a task reserved for the jury—to express an opinion as to Defendant's guilt." *Id.* We conclude that there is a slight difference between the testimony in *Turnage* and the detective's testimony in the case *sub judice*. In *Turnage*, the officer drew an inference about the defendant's guilt, "that he was just probably in the process of breaking into a residence," that was not present in Detective Parsons' testimony. It was this inference which seemed to be the emphasis of this Court's

analysis in *Turnage. Id.* However, assuming *arguendo* that Detective Parsons' testimony with respect to the character of the tools as implements of housebreaking impermissibly invaded the province of the jury and was, therefore, error, we conclude that the error would not be prejudicial.

To obtain a new trial, a defendant must show that the error was prejudicial, i.e., that absent the challenged testimony, there is a reasonable possibility that a different result would have been reached. *State v. Rasmussen,* 158 N.C. App. 544, 556, 582 S.E.2d 44, 53, *disc. review denied,* 357 N.C. 581, 589 S.E.2d 362 (2003). In addition to Detective Parsons' testimony, the State offered substantial circumstantial evidence that defendant broke into Mr. Hairr's pump house, and that when he was found, he had in his possession a screwdriver and a flashlight. Moreover, in the four-wheeler go-cart which defendant had been seen driving and which was found in close proximity to the pump house, were other tools of a similar nature. Although there are legitimate reasons for which one might possess these tools, their possession on someone else's property where a building has been broken into and property stolen therefrom gives rise to a reasonable inference that defendant possessed the tools for the purpose of using them to break into the building. *See State v. Nichols,* 268 N.C. 152, 154, 150 S.E.2d 21, 22 (1966). In light of the strong evidence of defendant's guilt of the offenses for which he was being tried, we conclude there is no reasonable possibility that, absent Detective Parsons' statement as to the character of the tools, a different result would have been reached by the jury as to the charge of possession of implements of housebreaking.

[2] Defendant also asserts the trial court committed plain error when he instructed the jury as follows:

> For you to find the defendant guilty . . . the State must prove two things beyond a reasonable doubt; first, that the defendant was in possession of implements of housebreaking. *Bolt cutters, vice grips, channel lock pliers, flashlights, screwdrivers, hacksaw, and a rachet and socket are such implements.*

(Emphasis added). Defendant did not object to the instruction at trial; thus, we review under a "plain error" standard of review. *State v. Gainey,* 355 N.C. 73, 106, 558 S.E.2d 463, 484, *cert. denied,* 537 U.S. 896, 154 L. Ed. 2d 165 (2002). The burden is upon defendant to show that absent the contended plain error, a different result probably would have been reached at trial, or that the error was so fundamen-

tal as to have denied him a fair trial or resulted in a miscarriage of justice. *State v. Bishop*, 346 N.C. 365, 385, 488 S.E.2d 769, 779 (1997).

For the reasons in our discussion of defendant's first argument relating to Detective Parsons' testimony, we believe the trial court invaded the province of the jury and erred by giving what was tantamount to a peremptory instruction that the tools were implements of housebreaking. It would have been preferable, and a correct statement of the law, for the court to have instructed the jury that, for conviction, it was necessary for the jury to find beyond a reasonable doubt that the listed tools were "made and designed for the purpose of housebreaking, or [are] commonly carried and used by housebreakers, or [are] reasonably adapted for such use." N.C.P.I. Crim. 214.35 (2002). Nevertheless, we conclude defendant has failed to show that absent the error, the jury would probably have reached a different result. As we have noted, the evidence against defendant was substantial, including the evidence that he had a screwdriver and flashlight on his person when he was apprehended after fleeing from the officers. Property identified as having been taken from Mr. Hairr's pump house was found near the place where defendant was found. In addition to the tools found on defendant's person, other tools of a similar nature were found on the four-wheeler go-cart upon which defendant had been observed to ride. The four-wheeler go-cart was parked at the scene of the break-in on Mr. Hairr's turkey farm. No explanation was offered for the combination of tools, which, according to common knowledge, can certainly be used as implements of  .
housebreaking. *See State v. Cadora*, 13 N.C. App. 176, 178, 185 S.E.2d 297, 298 (1971). In light of the substantial evidence of defendant's guilt, we conclude he has failed to show plain error.

[3] Defendant next argues that the trial court erred in denying his motion to dismiss the charge of possession of implements of housebreaking at the close of all the evidence.

> Upon indictment for [possession of housebreaking implements] under G.S. 14-55, the State has the burden of proving the following two things: (1) that the defendant was found to have in his possession an implement or implements of housebreaking enumerated in, or which come within the meaning of the statute and (2) that such possession was without lawful excuse.

*State v. Beard*, 22 N.C. App. 596, 598, 207 S.E.2d 390, 391 (1974). Defendant argues that the State failed to present sufficient evidence to show that defendant possessed the tools in question for the pur-

pose of using them to break into the building. However, we conclude the evidence presented by the State, as recited above in our consideration of the first two issues raised by defendant,

> is plenary circumstantial evidence which would permit the jury to infer, as it must have, that defendant was in actual or constructive possession of the [tools], that the [tools were] reasonably capable of use for the purpose of breaking into a building, and that defendant did in fact possess [them] for that purpose at the time and place of his arrest.

*State v. Bagley*, 300 N.C. 736, 741, 268 S.E.2d 77, 80 (1980).

[4] Defendant next argues that the trial court erred in denying defendant's motion to dismiss the charge of breaking and entering pursuant to N.C.G.S. § 14-54(a). With respect to his motion to dismiss, defendant argues the State did not present sufficient evidence that he was the person who entered the victim's pump house. He also argues, in the alternative, if there was sufficient evidence to show he was the one who entered the pump house, then the State failed to show that he had the intent to steal or commit a felony inside the pump house. Thus, defendant argues his motion to dismiss should have been allowed, or only the charge of misdemeanor breaking and entering should have been submitted to the jury. "On a defendant's motion for dismissal on the ground of insufficiency of the evidence, the trial court must determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense." *State v. Crawford*, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* We conclude the evidence recited above, as well as the evidence that defendant was apprehended by the officers after running away from the turkey farm and hiding in the woods in close proximity to goods stolen from the pump house, was substantial evidence that defendant was the person who entered the pump house and, in the absence of evidence of a lawful purpose for doing so, had the requisite intent to commit larceny therein. *See State v. Quilliams*, 55 N.C. App. 349, 351, 285 S.E.2d 617, 619, *cert. denied*, 305 N.C. 590, 292 S.E.2d 11 (1982). For the same reasons, we reject defendant's argument that the evidence was insufficient to support his conviction of felonious larceny pursuant to a breaking or entering.

[5] Finally, defendant argues that the trial court should have arrested judgment on the first-degree trespassing charge when the jury re-

turned verdicts on both felonious breaking and entering and first-degree trespass. Although defendant did not preserve this issue by motion or objection, "an error at sentencing is not considered an error at trial for the purpose of N.C. Rule 10(b)(1) of the North Carolina Rules of Appellate Procedure." *State v. Hargett*, 157 N.C. App. 90, 92, 577 S.E.2d 703, 705 (2003). "Double jeopardy bars additional punishment where the offenses have the same elements or when one offense is a lesser included offense of the other." *State v. McAllister*, 138 N.C. App. 252, 255, 530 S.E.2d 859, 862, *appeal dismissed*, 352 N.C. 681, 545 S.E.2d 724 (2000). "[F]irst-degree trespass is a lesser included offense of felony breaking or entering." *State v. Hamilton*, 132 N.C. App. 316, 320, 512 S.E.2d 80, 84 (1999). Therefore, the trial court should have arrested judgment on the charge of first-degree trespass.

08 CRS 53517—Possession of implements of housebreaking—No error.

08 CRS 53518—Felonious Breaking or Entering—No error.

08 CRS 53518—Felonious Larceny—No error.

08 CRS 53519—Resisting a public officer—No error.

08 CRS 53520—First degree trespassing—Judgment arrested.

Judges JACKSON and BEASLEY concur.